Robert Franklin CAMPBELL *v.* STATE of Arkansas

CR 78-132                                        572 S.W. 2d 845

Opinion delivered November 13, 1978
(In Banc)

*Don Langston,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant was convicted of a Class "B" Felony — *i.e.* theft by receiving a stolen Mercedes-Benz automobile having a value of $10,000 or more. He subsequently, pursuant to Criminal Procedure Rule 37, filed a post-conviction petition to collaterally attack his sentence for the following reasons:

> "1. The trial court erred in not declaring a mistrial when Linda Harris, a witness for the State, entered the jury room while the Court was in recess;
>
> 2. The Arkansas Habitual Criminal Act was erroneously and unconstitutionally applied against him, constituting an excessive sentence;

3. New evidence has been discovered which will show that a witness for the State committed perjury concerning the theft of the property; and

4. The trial court erred in failing to reduce the degree of the charge from a Class "B" Felony to a Class "C" Felony due to the fact the evidence was insufficient to support the property value requirements for a Class "B" Felony."

Appellant's first amendment to his petition eludicated further as to his third allegation above. By his second amendment appellant stated that he received probation on the California conviction used by the State for proving the habitual criminal charge and that consequently the California sentence upon which he received probation was not properly introduced for purposes of the habitual criminal act. The trial court found the issues against appellant and he appeals raising the issues hereinafter discussed.

POINT I. For the first time on appeal appellant contends that his due process rights were violated because he was denied an appeal of his conviction. We do not consider matters raised for the first time on appeal. Furthermore, Criminal Procedure Rule 37 requires that all grounds for collaterally attacking a conviction must be raised in the original or amended petition for relief. The reason for our rule of not considering matters raised for the first time on appeal is demonstrated by the record before us — *i.e.* the trial court held a hearing at which evidence was presented and had the denial of a right of appeal has been raised in the trial court, the State would have been in a position to call witnesses to refute appellant's assertion that the trial court removed his attorneys and that he was held in jail without ability to contact the Public Defender for purposes of prosecuting his appeal.

POINT II. Appellant contends that the trial court erred in failing to strike the value testimony of J. R. Burns, a salesman for Van Winkle Mercedes in Dallas, Texas. In other words appellant contends that the salesman's testimony was hearsay. The alleged erroneous admission of hearsay

testimony as to the retail value of an automobile is not a ground for relief under Arkansas Criminal Procedure Rule 37. See *Swisher* v. *State,* 257 Ark. 24, 514 S.W. 2d 218 (1974).

POINT III. Appellant's contention that the trial court erred in not granting him a new trial because of newly discovered evidence that the testimony given by Brenda Earnhart was perjured is not supported by the record. In appellant's trial Brenda Earnhart testified that she went to Van Winkle Mercedes with appellant. To show that her testimony was perjured in his post-conviction proceeding appellant called Robert Lindsey, a former Criminal Investigator in the case, who testified that from a telephone call he had received and other investigation it was his opinion that Brenda Earnhart had lied. However, Mr. Lindsey admitted that he had been unable to document any of the conflicting stories he had heard.

Based upon the record before us, we cannot say that the trial court erred in denying a new trial. See *Harvey* v. *State,* 261 Ark. 47, 545 S.W. 2d 913 (1977).

POINT IV. Neither can we find any merit to appellant's contention that the trial court should have granted him a new trial because Linda Harris entered the jury room. The record shows that Linda Harris was with appellant when he was arrested for possessing the stolen automobile. The record also shows that during the criminal trial appellant was aware that Linda Harris had wandered into the jury room but no motion for a mistrial was made at that time. Furthermore, the record shows that Miss Harris was immediately removed from the jury room; that she was intoxicated and that she was subsequently found in contempt of court.

The burden was upon appellant to show actual improper influence from Miss Harris' entry into the jury room which was apparently in search of a cup of coffee. See, *Hutcherson* v. *State,* 262 Ark. 535, 558 S.W. 2d 156 (1977). On the record before us the trial court did not err in refusing to grant a new trial.

POINT V. Appellant contends that the State should not be allowed to use as part of their proof of prior convictions a

California proceeding for which he was put on probation. We find this contention without merit because our habitual criminal statute, Ark. Stat. Ann. § 41-1001 (Repl. 1977), specifically provides:

"(1) A defendant who is convicted of a felony and who has previously been convicted of more than one (1) but less than four (4) felonies, or *who has been found guilty of more than one (1) but less than four (4) felonies,* may be sentenced to an extended term of imprisonment as follows: . . . " [Emphasis ours].

Likewise Ark. Stat. Ann. §§ 41-1002 — 41-1003 (Repl. 1977) were amended by Acts 1977, No. 474, to permit a prior finding of guilt to be established for purposes of enhancement of a sentence pursuant to Ark. Stat. Ann. § 41-1001, *supra.*

Affirmed.