Michael Brent JACKSON *v.* STATE of Arkansas

CR 86-106                                                     717 S.W.2d 801

Supreme Court of Arkansas
Opinion delivered October 20, 1986

*William R. Simpson, Jr.*, Public Defender, *Donald Campbell, III*, Deputy Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *William F. Knight*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant was convicted of kidnapping and terroristic threatening. Having three prior felony convictions, he was sentenced to life imprisonment for kidnapping and 12 years for terroristic threatening. We do not agree with the appellant's sole contention on appeal that there was insufficient evidence to support the conviction for kidnapping.

On March 22, 1985, the appellant opened the door of the victim's vehicle and ordered her to move over to the passenger side. He told her he had a knife, which he pressed to her side, and threatened to kill her. He tried to hold the victim in the car and drive away at the same time. During the struggle she was able to open the door on the passenger side and attempted to get out. The appellant grabbed her by the hair and pulled her back into the car. He made a number of additional threatening statements in which he said he would kill her if she moved. The victim continued to struggle and the commotion attracted the attention of a man in the parking lot. The witness heard the victim screaming and pleading for help. He ran to the car as she yelled, "Please help me, save me, he's trying to kill me." The appellant then got into another vehicle and left. The witness took down the license number of the vehicle which appellant was driving and turned the

number in to the police.

■ The only argument on appeal is that the evidence was insufficient to support the appellant's conviction for kidnapping. Kidnapping is defined in Ark. Stat. Ann. § 41-1702(1) (Repl. 1977) as follows:

A person commits the offense of kidnapping if, without consent, he restrains another person so as to interfere substantially with his liberty with the purpose of: . . .

(e) terrorizing him or another person. . . .

There is no question but that the victim was restrained. Substantial interference with the liberty of another person does not necessarily require that the interference be for a substantial period of time. In the case of *Cook* v. *State*, 284 Ark. 333, 681 S.W.2d 378 (1984), we held that confinement for a few minutes was sufficient to support a conviction for kidnapping.

To prove kidnapping the State must only prove that the accused restrained the victim so as to interfere substantially with the victim's liberty, without the victim's consent, for a specific purpose outlined by the statute. *Ellis* v. *State*, 279 Ark. 430, 652 S.W.2d 35 (1983). The purpose of the restraint is the question to be decided in this case. Appellant argues there was not a scintilla of evidence to prove the intent to terrorize. It is true that no statement of intent was expressed by the appellant. Such intent, however, may be inferred from circumstantial evidence. *Johnson* v. *State*, 276 Ark. 56, 632 S.W.2d 416 (1982). Further, one is presumed to intend the natural and probable consequences of his act. *Rhine* v. *State*, 184 Ark. 220, 42 S.W.2d 8 (1931); *Pate* v. *State*, 206 Ark. 693, 177 S.W.2d 933 (1944).

■■ Although *Rhine* was decided prior to the adoption of the Arkansas Criminal Code, the fundamental rule is carried into the present law as Ark. Stat. Ann. § 41-203(1) (Repl. 1977). This statute declares that, "[a] person acts purposely with respect to his conduct or a result thereof when it is his conscious object to engage in conduct of that nature or cause such a result." In *Chaviers* v. *State*, 267 Ark. 6, 588 S.W.2d 434 (1979), addressing an argument similar to the one in the present appeal, we stated: "[b]y the nature of things, one's intent or purpose, being a state of mind, can seldom be positively known to others, so it

ordinarily cannot be shown by direct evidence, but may be inferred from the facts and circumstances shown in evidence."

There is no question but that the victim was terrorized. Without other logical explanation it is presumed he intended the result of his acts. In reviewing the sufficiency of the evidence we need only determine whether there was any substantial evidence to support the verdict. *Nichols* v. *State*, 280 Ark. 173, 655 S.W.2d 450 (1983). From the facts stated above we hold that there was substantial evidence to support the conviction for kidnapping.

Affirmed.