Robert FAIRCHILD v. STATE of Arkansas

CR 90-302                                    808 S.W.2d 743

Supreme Court of Arkansas
Opinion delivered May 6, 1991

*William R. Simpson, Jr.*, Public Defender, *Llewellyn J. Marczuk*, Deputy Public Defender, by: *Jerry J. Sallings*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. The appellant, Robert Lee Fairchild, was charged and convicted of rape and kidnapping. Having been convicted previously of four or more felonies, he was sentenced as a habitual offender to a term of forty years on each offense, the sentences to be served concurrently. Fairchild's only contention on appeal is that there was insufficient evidence to sustain his conviction of kidnapping. We disagree.

On February 10, 1990, Fairchild approached the victim, Jeffery Beatty, in the vicinity of the bus station and invited Beatty to his house, where for some two hours they ate, drank beer and, at Fairchild's suggestion, looked at a magazine containing sexually explicit photographs. Then Fairchild brought out a red robe and asked Beatty to take off his clothes and put it on. Beatty refused and started to leave. As Beatty reached the door Fairchild grabbed him, pressed a butcher knife to his stomach and told him he was not leaving until Fairchild got what he wanted, what he had brought him there for in the first place. Fairchild struck Beatty twice on the left side of his head, forced him to remove his clothes and lie face down on the kitchen floor where Fairchild sodomized him.

At that point Fairchild's sister knocked from inside a bedroom and asked if she could come out. Fairchild told her to wait as the two men hurriedly put on their clothes. The woman began cooking and Beatty, on the pretext of getting some air, managed to unlock the door and run. Fairchild caught him a few blocks away and Beatty was forced, again at knife point, to return

to the house. Evidently the episode was seen by a passing motorist who reported the incident to the police. Back at the house Beatty began pleading with Fairchild's sister to convince Fairchild to release him. Fairchild at first refused, then seemed willing, but as Beatty started toward the door he saw Fairchild reaching for the knife and he backed away from the door. At that point the police arrived.

Fairchild was charged with Ark. Code Ann. § 5-11-102(a)(4) (1987) which provides in pertinent part:

> [A] person commits the offense of kidnapping if, without consent, he restrains another person so as to interfere substantially with his liberty with the purpose of . . . engaging in . . . deviate sexual activity, or sexual contact with him.

■ In order to sustain a conviction for kidnapping the state must prove that the restraint exceeded that normally incidental to the rape. *Summerlin* v. *State*, 296 Ark. 347, 756 S.W.2d 908 (1988). The purpose of the restraint may be inferred from circumstantial evidence. *Jackson* v. *State*, 290 Ark. 160, 717 S.W.2d 901 (1986).

In *Summerlin* v. *State, supra*, we held that the evidence was insufficient to support a kidnapping charge because the restraint was not greater than that which the state was obliged to prove on its attempted rape charge against the appellant. The victim in *Summerlin* was jogging in a park when she observed the appellant completely nude standing on the opposite side of the road. As she ran past him he grabbed her and pulled her to the ground. The appellant and the victim struggled briefly but she managed to break loose and escape.

■■ In marked contrast to *Summerlin*, the facts in this case reflect a substantial interference with Beatty's liberty beyond that necessary to accomplish the rape itself. When Beatty was chased several blocks by Fairchild and, again at knife point, forced to return to the house, the reasonable inference is that Fairchild's purposes were identical to those he had earlier demonstrated. Certainly from this point on there was a substantial interference with Beatty's liberty with the purpose of engaging in sexual contact as proscribed by Ark. Code Ann. § 5-11-102

(1987). Additionally, while Fairchild's actions were ostensibly hospitable, his subsequent conduct and remark about why he had brought Beatty to his house, supports the conclusion that he had sexual designs on Beatty from the outset. Arkansas Code Ann. § 5-11-101 (1987) makes it clear that "restraint without consent" as used in kidnapping and related offenses includes restraint by physical force, threat or *deception*.

We readily conclude that the evidence sustains the judgment of conviction for the offense of kidnapping independently of the crime of rape.

Affirmed.