Lloyd Edwin FLETCHER *v.* STATE of Arkansas

CR 91-95 · 816 S.W.2d 592

Supreme Court of Arkansas
Opinion delivered September 30, 1991

*James P. Massie*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Shelley Sanford, the victim in this aggravated robbery case, drove her car to the parking lot of the Harvest Foods store at 12th and Battery Streets in Little Rock. It was about 9:00 at night. She got out of her car and walked up to the doors of the store only to discover that the doors were locked and the store was closed. She noticed appellant and a companion standing nearby. She made a remark to them about the store's closing hours and walked back to her car. As she was

unlocking her car door, appellant came up behind her and said that he wanted to tell her something. As she turned toward him, he said, "This is a robbery." He moved his hand inside his jacket pocket; it appeared that he had a pistol pointed at her. He had a serious look on his face. She saw a group of people coming out of a nearby building. She screamed as loudly as she could for help. Appellant and his companion ran to their car which was parked in front of the victim's car. The victim jumped into her car. She was able to read the license number on appellant's car. She hurriedly drove away, and after she had gone some distance, stopped long enough to write the license number on a piece of paper. She then drove several miles to another grocery store and called the police. Two days later, she viewed a police photo spread and identified appellant as her assailant.

Appellant was convicted of violating Ark. Code Ann. § 5-12-103(a)(1) (1987), which provides:

> (a) A person commits aggravated robbery if he commits robbery as defined in § 5-12-102, and he:
> (1) Is armed with a deadly weapon or represents by word or conduct that he is so armed; . . .

Ark. Code Ann. § 5-12-102 (1987) provides in part:

> A person commits robbery if, with the purpose of committing . . . a theft . . . , he employs or threatens to immediately employ physical force upon another.

Appellant's sole argument on appeal is that the proof is not sufficient to show his intent to commit theft. Intent or purpose to commit a crime is a state of mind which is not ordinarily capable of proof by direct evidence, so it must be inferred from the circumstances. *Smith* v. *State*, 264 Ark. 874, 575 S.W.2d 677 (1979). The jury is allowed to draw upon their common knowledge and experience in reaching a verdict from the facts directly proved. *Johnson & Carroll* v. *State*, 276 Ark. 56, 632 S.W.2d 416 (1982). Circumstantial evidence can be sufficient to support a finding of guilt in a criminal case if it excludes every other reasonable hypothesis consistent with innocence. *Smith* v. *State*, *supra*.

Here, the victim testified that appellant approached her and said, "This is a robbery." It appeared to her that he had a pistol in

his pocket and had it pointed at her. When she screamed for help, he ran away. The only reasonable inference to be drawn is that appellant intended to take property from the victim.

In the second part of his argument, the appellant contends that the only reasonable inference to be drawn from the evidence is that his intent was to play a joke on the victim. Such an argument is a restatement of the first part of the argument. It is a different way of arguing that there are reasonable inferences to be drawn from appellant's conduct other than an intent to take property. Such an argument has already been rejected. In addition, we note that the appellant did not testify the event was a joke. There is no evidence that appellant or his companion were acquainted with the victim. He approached a stranger at night on the parking lot of a closed store. When she screamed he did not try to explain that he was only joking. He looked and acted serious. The only reasonable inference to be drawn about appellant's intent is that which the jury drew. As previously stated, there was substantial evidence to support appellant's conviction for aggravated robbery.

Affirmed.