McKinley Charles GREEN *v.* STATE of Arkansas

CR 92-1171                                        852 S.W.2d 110

Supreme Court of Arkansas
Opinion delivered May 3, 1993

*Jan Thornton*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, McKinley Charles Green, appeals a judgment of the Union Circuit Court convicting him of attempted kidnapping and sentencing him as an habitual offender to forty years in the Arkansas Department of Correction. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(2), *In re: In the Matter of Rules of the Arkansas Supreme Court and the Arkansas Court of Appeals*, 311 Ark. Appx. (Feb. 1, 1993). Appellant asserts three points for reversal of the judgment entered in accordance with the jury's verdict. We find no merit to the arguments and affirm.

Appellant's first argument for reversal is that the trial court erred in denying his motion for directed verdict. Appellant claims the state failed to prove he intended to commit the offense of attempted kidnapping. He argues that the evidence the state presented of his intent is circumstantial evidence, and that this circumstantial evidence is not substantial because it does not exclude all reasonable hypotheses inconsistent with appellant's guilt.

We treat the challenge of a denial of a motion for directed verdict as a challenge to the sufficiency of the evidence. *Chism* v. *State*, 312 Ark. 559, 853 S.W.2d 255 (1993). The test for determining the sufficiency of the evidence is whether there is substantial evidence to support the verdict. *Id*. On appeal, we review the evidence in the light most favorable to appellee and affirm if there is any substantial evidence to support the jury's verdict. *Id*. Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id*. Circumstantial evidence may constitute substantial evidence; however, in order for

circumstantial evidence to constitute substantial evidence, it must exclude every other reasonable hypothesis inconsistent with an accused's guilt. *Id.* Whether the circumstantial evidence excludes all other reasonable hypotheses inconsistent with an accused's guilt is a question to be determined by the finder of fact. *Id.*

The crime of attempted kidnapping is encompassed in Ark. Code Ann. §§ 5-3-201 and 5-11-102 (1987). As applied to this case, these sections provide that a person commits attempted kidnapping if he intends to commit kidnapping and purposely engages in conduct that constitutes a substantial step toward the commission of the kidnapping. A person commits kidnapping if, without consent, he restrains another person so as to substantially interfere with that person's liberty, with the purpose of inflicting physical injury upon that person, or engaging in sexual intercourse, deviate sexual activity, or sexual contact with that person. Ark. Code Ann. § 5-11-102(a)(4).

We recite the evidence as viewed most favorably to appellee. Appellant entered a convenience store and purchased a cigar. He loitered in the store for a while and asked to use the telephone. The store clerk denied his request pursuant to store policy. While loitering in the store, appellant stared at the store clerk's breasts and buttocks, and inquired of her marital status and whether she was lonely. After the denial of his subsequent request to use the telephone, appellant jumped over the counter and grabbed the clerk. She struggled with appellant for some time, but to no avail. He pinned her arms to her sides and forced her to walk outside the store. Appellant, still pinning the victim's arms to her sides, stopped at his car and opened the passenger door. The victim was able to slam the car door on appellant's hand causing him to lose his grip on her. The victim escaped and flagged down a car that was passing by. Appellant then drove away from the convenience store. The victim and the driver of the car who stopped to help her returned to the store where the victim called the El Dorado police. Soon thereafter, the police apprehended appellant while driving his car. The victim later identified appellant as her attacker. A search of appellant's vehicle produced an unsmoked cigar.

Kidnapping, or in this case, attempted kidnapping, requires that the victim's liberty be restrained without consent.

Ark. Code Ann. § 5-11-102. "Restraint without consent" is defined as including restraint by physical force. Ark. Code Ann. § 5-11-101(2) (1987); *Fairchild* v. *State*, 305 Ark. 406, 808 S.W.2d 743 (1991). Substantial interference with another person's liberty does not require that the interference be for a substantial period of time. *Jackson* v. *State*, 290 Ark. 160, 717 S.W.2d 801 (1986). The purpose of the restraint may be inferred from circumstantial evidence. *Id.*; *Fairchild*, 305 Ark. 406, 808 S.W.2d 743. Intent to commit a crime may also be inferred from the circumstances. *Jackson*, 290 Ark. 160, 717 S.W.2d 801.

The foregoing evidence is substantial evidence and supports the jury's verdict of guilt. The victim's testimony that she struggled with appellant and that he had her arms pinned to her sides while pushing her through the store and outside clearly indicates he restrained her without her consent and that he interfered substantially with her liberty. Appellant's use of physical force against the victim leads to an inference that he intended to cause her physical harm. The questions appellant asked the victim regarding her marital status and her state of loneliness lead to the inference that he was considering sexual contact with the victim. *See Fairchild*, 305 Ark. 406, 808 S.W.2d 743; *Jackson*, 290 Ark. 160, 717 S.W.2d 801; and Ark. Code Ann. §§ 5-11-101, -102.

Thus, the jury could have reasonably concluded that appellant intended to commit kidnapping and that no other reasonable conclusion consistent with appellant's innocence could be drawn from this evidence. The evidence is substantial and supports the jury's verdict of guilt. The trial court did not err in denying appellant's motion for directed verdict on the charge of attempted kidnapping.

As his second point for reversal, appellant argues that his Sixth Amendment rights were violated because he was incarcerated longer than nine months while awaiting trial. He recognizes this court has held that release on one's own recognizance, rather than a dismissal or discharge, is the remedy for an accused who has been incarcerated continuously since his arrest and not brought to trial within nine months. A.R.Cr.P. Rules 28.1(a), 30.1(b); *Jackson* v. *State*, 290 Ark. 375, 720 S.W.2d 282 (1986). However, appellant urges this court to reverse its ruling in

*Jackson* and adopt the rule that one who, while awaiting trial, is incarcerated for a period in excess of that provided for in A.R.Cr.P. Rule 28.2 should be released *and discharged* pursuant to the Speedy Trial Clause of the Sixth Amendment and *Barker v. Wingo*, 407 U.S. 514 (1972).

As part of this argument, appellant claims he was prejudiced by the trial court's order granting the state's motion to exclude the period of time from when the original scheduled trial date until the actual trial date. The state moved for the period to be excluded because of the trial court's crowded docket.

■ We do not reach the merits of appellant's speedy trial argument because he never raised this argument to the trial court. We have stated time and time again that we do not consider arguments raised for the first time on appeal, and even speedy trial arguments must be so raised. *Gooden* v. *State*, 295 Ark. 385, 390, 749 S.W.2d 657, 660 (1988). Moreover, even constitutional arguments are waived when not raised below. *Kittler* v. *State*, 304 Ark. 344, 802 S.W.2d 925 (1991).

As his third point for reversal, appellant argues that his prior conviction for second degree sexual assault in Wisconsin should not have been used to sentence him as an habitual offender because his sentence for that conviction was probation for four years. Appellant claims that our habitual offender statutes allow a conviction from another state to be used only when the defendant actually serves a sentence of imprisonment for more than one year.

Appellant acknowledges the rule announced in *Rolark* v. *State*, 299 Ark. 299, 772 S.W.2d 588 (1989), that, for purposes of our habitual offender statutes, previous convictions resulting in probation are nonetheless previous convictions and may be considered for enhanced sentencing purposes. However, appellant urges this court to overrule *Rolark*, arguing that it is inconsistent with legislative intent. The state argues that *Rolark* is good law and should be followed here.

■ We agree with the state. This court has held that a prior conviction in another state resulting in a sentence of probation may be used for enhanced sentencing purposes, provided the law in the other state *authorizes* a sentence of imprisonment for more

than one year. *See e.g., Cherry* v. *State,* 302 Ark. 462, 791 S.W.2d 354 (1990); *Campbell* v. *State,* 264 Ark. 575, 572 S.W.2d 845 (1978). *See also* Ark. Code Ann. § 5-4-503 (1987). Our habitual offender statutes focus on prior convictions, not on prior sentences as appellant contends. That the legislature intended the focus of the act to be on prior convictions is evident in the official commentary to section 5-4-503, which states as follows:

> If a sentence in excess of one year in prison was authorized upon conviction in the other jurisdiction, then *regardless of the sentence actually received,* the defendant has a previous felony conviction or finding of guilt for purposes of § 5-4-501 [emphasis added].

As our prior holdings on this issue are consistent with section 5-4-503 and its supporting legislative intent, we decline to overrule *Rolark.* The trial court's order denying appellant's motion to dismiss habitual offender status states that as appellant was sentenced to four years probation, it is clear that Wisconsin law authorized a sentence of imprisonment in excess of one year. We agree and find no error in the trial court's imposition of an enhanced sentence.

The judgment of conviction is affirmed.