Deshawn ROBINSON *v.* STATE of Arkansas

CR 93-1355                                         875 S.W.2d 837

Supreme Court of Arkansas
Opinion delivered May 9, 1994

18

*William R. Simpson, Jr.*, Public Defender, by: *Tammy Harris*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. This is an appeal from two aggravated robbery and two theft convictions which challenges the fairness of a photographic lineup and the sufficiency of the evidence from the trial of those offenses. There is no merit to appellant's four contentions.

On February 16, 1993, a man identified as Deshawn Robinson, appellant, entered an Exxon gas station and, brandishing a gun, threatened the lone employee and customer. Money was

taken and both the employee, Gantt Kelley and the customer, Paula Baker, fled the store. The next day Kelley saw appellant walking across the gas station parking lot and recognized him as the man who had committed the robbery. The police were called and they picked up appellant in a bank parking lot across the street.

Robinson was charged with two counts of aggravated robbery against Kelley and Baker and two counts of theft — one against Exxon and one against Baker. A trial by jury was held on August 26, 1993, and appellant was found guilty of all charges. The state also alleged that Robinson was a habitual offender and that his sentence should be increased. Robinson was sentenced to a total of seventy years on the aggravated robbery charges and two years on the misdemeanor theft charges. Appellant appeals from that judgment.

I

Both victims, Kelley and Baker, identified appellant from a photographic lineup at the police station the day after the robbery. Robinson filed a motion to suppress the results of the photo lineup and any subsequent identification as being tainted by the unconstitutional nature of the lineup. The denial of that motion is appellant's first point of error.

Robinson argues the lineup was impermissively suggestive because, 1) Robinson had his eyes closed in his picture in the photo lineup; 2) both eyewitnesses to the robberies had previously seen appellant in the neighborhood; 3) Kelley had seen Robinson arrested and knew he had been charged with the robberies when the photo identification was made; and 4) Baker testified she was instructed she would have only thirty seconds to make her identification from the photo lineup.

In determining whether the in-court identification is admissible, we look first to whether the pretrial identification procedure was unnecessarily suggestive or otherwise constitutionally suspect. *Hayes* v. *State*, 311 Ark. 645, 846 S.W.2d 182 (1993). It is the appellant's burden to show the pretrial identification procedure was flawed. Id. If there are suggestive elements in the pretrial identification procedure that make it all but inevitable that the victim will identify one person as the crimi-

nal, the procedure is so undermined that it violates due process. *Bishop* v. *State*, 310 Ark. 479, 839 S.W.2d 6 (1992). We find no such factors in this case.

■ As to the point that his eyes were closed in his lineup picture, appellant offers no explanation as to why that was suggestive. Moreover, we do not address the argument as there is no reproduction of the photo lineup in the abstract. Ark. R. Sup. Ct. 4-2 (a)(6) provides:

> Whenever a map, plat, photograph or other similar exhibit, which cannot be abstracted in words, must be examined for a clear understanding of the testimony, the appellant shall reproduce the exhibit by photography or other process and attach it to the copies of the abstract filed in the Court and served upon the opposing counsel, unless this requirement is shown to be impracticable and is waived by the Court upon motion.

Without seeing appellant's picture and those of the others in the photo lineup, we have no way of evaluating and reviewing this point and the argument is therefore waived.

■ Robinson argues that because both Kelley and Baker testified to having previously seen Robinson in the neighborhood and to remembering him, that fact makes the pretrial identification unreliable. Appellant offers no argument or authority for this conclusory assertion, for evident reasons. It was precisely because both victims had previously seen appellant they were able to recognize him when he came into the station. If anything, the victims' independent recognition of appellant would strengthen their identification rather than weaken it. *See* e.g. *Chism* v. *State*, 312 Ark. 559, 570, 853 S.W.2d 255 (1993).

As a further indication of the unreliability of the lineup, appellant argues that Kelley had seen him being arrested and knew he had been charged with the robberies when the photo identification was made. But that hardly undermines the identification. Kelley testified that he recognized Robinson during the robbery from having seen him at other times in the store. He also testified that the day after the robbery he noticed appellant in the parking lot and told his supervisor that was the man who robbed them. After satisfying himself that Kelley was certain of

his identification, the supervisor called the police on 911. Robinson went across the street to a bank parking lot and was there when the police picked him up.

Robinson appears to argue that a "show-up" occurred when Kelley saw Robinson being arrested, making it inevitable that Kelley would then identify Robinson in a lineup. *See Van Pelt v. State*, 306 Ark. 624, 816 S.W.2d 607 (1991). Under these circumstances, however, where it is the victim who spotted and identified Robinson as the perpetrator and then called the police for the very purpose of having Robinson arrested, it is clear the identification occurs independently and not as a result of police activity.

Appellant contends the pretrial identification was not reliable because one of the officers told Baker she had only thirty seconds to make an identification from the photo. Appellant offers no authority or convincing argument to support his contention. However, the policeman who showed Baker the photo lineup denied that he so limited her and by both the officer's and Baker's account she identified appellant within a second or two. It is for the trial court to determine if there are sufficient aspects of reliability surrounding the identification to permit its use and we will not reverse the ruling unless it is clearly erroneous. *McConaughy v. State*, 301 Ark. 446, 784 S.W.2d 768 (1990). We do not find the trial court's decision on this point to be clearly erroneous.

## II

Appellant argues that a directed verdict should have been granted in his favor on the aggravated robbery against Gantt Kelley. He submits the evidence showed the assailant never pulled the pistol out in front of Kelley, nor aimed it in his direction, never said anything to Kelley, nor took any of his personal property. Therefore, he insists no robbery against Kelley was committed.

The state first argues that while appellant made a directed verdict motion at the close of the state's case the motion was not renewed at the close of the whole case. The state notes that appellant did not present any evidence, but argues appellant must nevertheless renew his directed verdict motion. We dis-

agree. We stated recently in *Thomas* v. *State*, 315 Ark. 504, 868 S.W.2d 483 (1994):

> [The appellant's] sufficiency argument was not preserved for appeal. He made a motion for a directed verdict at the close of the state's case and then called his own witnesses. A defendant who goes forward with the production of additional evidence after a directed verdict motion is overruled waives any further reliance upon the former motion. [Cites omitted.]

It follows that when a defendant presents no evidence after a directed verdict motion is made, further reliance on that motion is not waived.

As to merit of the argument, we look to the definitions of robbery and aggravated robbery:

> § 5-12-102 Robbery.
>
> (a) A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another.
>
> § 5-12-103 Aggravated robbery.
>
> (a) A person commits aggravated robbery if he commits robbery as defined in § 5-12-102, and he:
>
> (1) Is armed with a deadly weapon or represents by word or conduct that he is so armed; or
>
> (2) Inflicts or attempts to inflict death or serious physical injury upon another person.

We have pointed out that the offense of robbery is complete when physical force is threatened and no transfer of property need take place. *Mitchell* v. *State*, 281 Ark. 112, 661 S.W.2d 390 (1983); *Birchett* v. *State*, 294 Ark. 176, 741 S.W.2d 267 (1987); *Robinson* v. *State*, 303 Ark. 351, 797 S.W.2d 425 (1990); *Rolark* v. *State*, 299 Ark. 299, 772 S.W.2d 588 (1989); *Harris* v. *State*, 308 Ark. 150 (1992).

When the sufficiency of the evidence is being challenged on appeal we review the evidence in the light most favor-

able to the appellee, considering only that evidence which tends to support the verdict. *Tisdale* v. *State*, 311 Ark. 220, 843 S.W.2d 803 (1992). Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion or conjecture. *Edwards* v. *State*, 300 Ark. 4, 775 S.W.2d 900 (1989). The fact that evidence is circumstantial does not render it insubstantial. *Walker* v. *State*, 313 Ark. 478, 855 S.W.2d 932 (1993); *Cigainero* v. *State*, 310 Ark. 504, 838 S.W.2d 361 (1992). Intent is seldom capable of direct proof and must usually be inferred from the circumstances. *Akbar* v. *State*, 315 Ark. 627, 869 S.W.2d 706 (1994); *Green* v. *State*, 313 Ark. 87, 852 S.W.2d 110 (1993). The jury may draw any reasonable inferences from the evidence presented. *Boren* v. *State*, 297 Ark. 220, 761 S.W.2d 885 (1988).

Kelley's account of the robbery was as follows: At about 6:15 in the evening he was waiting on a customer, Ms. Baker, who was purchasing some candy. The assailant walked in and stood behind her and Kelley could see he had a gun in his hand. The assailant pointed the gun at Baker and then snatched money out of her hand. Kelley yelled, "He's got a gun, he's got a gun," and both he and Baker ran out.. Kelley testified he considered the assailant's presence with the gun threatening and said he didn't know whether the assailant was going to shoot the customer or himself.

Ms. Baker's testimony was similar. She explained she had gone into the station to get change for a twenty dollar bill by purchasing some mints. She had noticed the assailant because he "didn't look right" and as she was accepting her change from the clerk, the assailant said something like, "Forget this stuff," that he jerked her arm and snatched her money but it fell on the floor and he bent down to pick it up. She also testified she saw his hand up under his shirt and when "he came up he had something black in his hand. I don't know what it was. And the fellow that worked in the Exxon station, he said, 'Run. He's got a gun.'"

The gist of appellant's argument is that because the assailant never threatened Kelley directly and manifested no intent to take anything from him, there was no aggravated robbery against Kelley. There is no requirement in the robbery statute

that the threat of physical harm to an individual be made directly or individually, only that physical force be immediately threatened, however that threat may be communicated. The jury is allowed to draw upon their common knowledge and experience in reaching a verdict from the facts directly proved. *Fletcher* v. *State*, 306 Ark. 541, 816 S.W.2d 592 (1991). Under the circumstances of this case, it was reasonable for the jury to conclude that when the assailant pointed the gun at Baker, Kelley was included in the threat communicated by the gunman. As the Supreme Court stated in *McLaughlin* v. *United States*, 476 U.S. 16 (1986), "the display of a gun instills fear in the average citizen." Under the circumstances, there was sufficient threat to Kelley to sustain a conviction for aggravated robbery.

As to intent, the statute requires that the purpose of employing force must be to commit a theft or to resist apprehension immediately thereafter. Here, appellant's pointing the gun at Baker, coupled with his grabbing money from her hand is sufficient evidence to support a conclusion that theft was his general objective. That theft of the gas station was included is confirmed by the fact that appellant took money from the station as well as from Baker. See, discussion in part III.

We find there was sufficient evidence that appellant intended his threats for Kelley as well as for the customer, and that his threat in both cases was for the purposes of theft.

### III

Appellant argued below that a directed verdict should have been granted on the theft count against Exxon as there was no proof anything was taken from the station. Appellant's contention is that the only theft was from Baker of her change from the twenty dollar bill. However, we construe the testimony as reflecting that appellant also took the twenty dollar bill Baker had just handed to Kelley. Kelley testified that when he and Baker left the station he'd left some money on the counter and the cash register was open; that as he was leaving the station he saw appellant starting to take money from the cash register or off the counter; that when he returned the money on the counter was gone. This evidence is sufficient to establish theft from Exxon.

## IV

Appellant argues the evidence was insufficient for the aggravated robbery count against Baker because she was not threatened with a gun nor physically injured, and a directed verdict should have been granted. There is no merit to this argument. The state notes correctly that no motion for a directed verdict on Baker's aggravated robbery was ever made. The only motion made below on this count was for a reduction from aggravated robbery to robbery. We have recently held that a request for a reduction from aggravated robbery to simple robbery does not imply a request for a directed verdict for aggravated robbery. *Jackson* v. *State*, 316 Ark. 405, 871 S.W.2d 591 (1994). Nor does it in this case.

Affirmed.