The Honorable Larry Goodwin State Representative P.O. Box 129 Cave City, Arkansas 72521-0129
This is in response to your request for an opinion on the following question:
Does a plea of `nolo contendere'[1] constitute a felony conviction?
In my opinion, this question cannot be answered with a simple "yes" or "no." The answer to this question may depend upon the context in which it arises and what happens after the plea. In many cases, the question of whether a conviction has occurred turns not upon the nature of the plea, but upon whether a judgment of conviction is later entered and sentence imposed.
Some explanation is necessary. There are any number of contexts in which the existence of a felony conviction could be relevant. Some examples are the impact of a felony conviction on the right to vote or hold office, to carry a firearm or concealed weapon, or to become a law enforcement officer. The existence of a felony conviction might also be relevant for sentencing purposes, for example, for determining the existence or sentences of "habitual offenders." Each of these different contexts is governed by distinct statutory or constitutional provisions. Thus, the relevant statutory or constitutional scheme, as interpreted by the Arkansas Supreme Court, would have to be examined to determine whether a plea of nolo contendere is sufficient to constitute a conviction for those purposes, or whether an actual judgment of conviction and imposition of sentence is required. Additionally, subsequent expungements or pardons may also affect the question.
Previously issued Attorney General's opinions provide some guidance on these issues. I have previously opined that for purposes of holding public office, sentence must have actually been imposed upon the defendant prior to a "conviction" having occurred. See Att'y Gen. Ops. 95-194 (elected city clerk who pleaded nolo contendere to charges of tampering with a public record entitled to retain her office in light of suspended imposition of sentence). Thus, even if an individual pleads nolo contendere to a felony, he or she may retain the office held if imposition of sentence has been suspended. Again, in some circumstances, it is what happens after the plea, in terms of sentencing and judgment, which determines the question. Furthermore, a subsequent expungement will restore eligibility to hold public office, although a pardon will not.See Powers v. Bryant, 309 Ark. 568, 832 S.W.2d 232 (1992), and Ridgewayv. Catlett, 238 Ark. 323, 379 S.W.2d 77 (1964).
Similarly, for purposes of voter registration, a conviction does not occur until a final judgment actually imposing a sentence has been entered. See Op. Att'y Gen. 88-036 and Merritt v. Jones, 259 Ark. 380,533 S.W.2d 497 (1976). The defendant regains the right to vote, however, upon pardon or "discharge" of the sentence. See Arkansas Constitution, Amendment 51, § 11(a)(4).
For purposes of applying for employment as a law enforcement officer, A.C.A. § 12-9-106(b) provides that: "[N]o person who pleads or is found guilty of a felony shall be eligible to be appointed or certified as a law enforcement officer." In Op. Att'y Gen. 94-148, I stated that neither an expungment[2] nor pardon was sufficient to remove this disqualification, but noted that if no conviction was ever entered under A.C.A. § 5-4-311, the defendant would be eligible to be a law enforcement officer. See also Op. Att'y Gen. 89-056.
In contrast, with regard to the possession of a firearm generally, I have recently opined, under new legislative enactments, that any adjudication of guilt (including one based upon a plea of nolo contendere), is sufficient to deny eligibility to carry a firearm, despite the fact that the sentence is suspended or later expunged. See Op. Att'y Gen. 95-260
and Act 595 of 1995. Correspondingly, in my opinion, any adjudication of guilt of a felony will deny the right to obtain a concealed weapons permit. See Op. Att'y Gen. 96-247 and Act 595 of 1995.
Similarly, convictions based upon nolo contendere pleas may count as previous convictions for habitual offender purposes, if reduced to judgment, despite the fact that imposition of sentence was suspended.See Reeves v. State, 263 Ark. 227, 564 S.W.2d 503, cert. denied,439 U.S. 964 (1978); Campbell v. State, 264 Ark. 575, 572 S.W.2d 845 (1978); and Stevens v. State, 38 Ark. App. 209, 832 S.W.2d 275 (1992). If never reduced to judgment of conviction, however, a nolo contendere plea upon which imposition of sentence is suspended and "court probation" imposed, may not be used for such purposes. Id. See also English v. State,274 Ark. 304, 626 S.W.2d 191 (1981). An expunged felony conviction can be used to support habitual offender enhancement (Neal v. State,320 Ark. 489, 898 S.W.2d 448 (1995)), but a pardoned conviction cannot. Id.See also Duncan v. State, 254 Ark. 449, 494 S.W.2d 127
(1973).
Finally, I assume your question refers to a plea of nolo contendere in an Arkansas court. If not, additional questions may be raised as to the effect of any federal or out-of-state plea or conviction. See, e.g., A.C.A. § 5-4-501(c)(3)(B) (judge to decide whether out-of-state conviction comparable for habitual offender purposes) and Op. Att'y Gen.96-304 (discussing whether Alaska conviction of candidate for county sheriff works a disqualification to hold office).
In sum, because of the general nature of the question posed, I cannot give a quick answer which will suffice for all purposes. Reference should be made to the particular statutes, constitutional provisions and caselaw applying in each context. Reference must also be made, in each case, to all the facts and circumstances surrounding the particular plea, judgment or disposition, and later relevant events.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Black's Law Dictionary (5th ed. 1979), defines this term as a: "Latin phrase meaning `I will not contest it'; a plea in a criminal case which has a similar legal effect as pleading guilty. [Citation omitted.] Type of plea which may be entered with leave of court to a criminal complaint or indictment by which the defendant does not admit or deny the charges, though a fine and sentence may be imposed pursuant to it. The principal difference between a plea of guilty and a plea of nolo contendere is that the latter may not be used against the defendant in a civil action based upon the same facts. As such, this plea is particularly popular in antitrust actions . . . where the likelihood of civil actions following in the wake of a successful antitrust prosecution is very great." See Id. at 945.
[2] Subsequent legislative amendment to the expungement provisions may affect the conclusions reached in Opinions 94-148 and 89-056. See Act 998 of 1995, providing that expungment shall not affect any of the defendant's civil rights or liberties unless otherwise specifically provided by law, and shall result, as a matter of law, in the nonexistence of the underlying conduct.