Albert JARRETT *v.* STATE of Arkansas

CR 98-839                                    986 S.W.2d 101

Supreme Court of Arkansas
Opinion delivered March 11, 1999

*John H. Bradley*, for appellant.

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Sr. Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant Albert Jarrett was a Michigan parolee when he returned to Arkansas and committed a robbery at gun point on March 14, 1997. On March 16, 1997, three police officers went to Jarrett's girlfriend's house to locate and arrest Jarrett, and after the officers were permitted inside the house to conduct a search, shots were fired resulting in one officer's death and another being struck by a bullet. During the shooting, the two surviving officers made it to the outside of the house, but shortly afterwards, Jarrett also came out and surrendered himself to the authorities. Jarrett was charged with five felonies, but three were severed from this case in which the State charged him with capital murder and attempted capital murder. After a five-day jury trial, Jarrett was convicted of both crimes and sentenced to life without parole and thirty years' imprisonment, respectively.

On appeal, Jarrett raises one point for reversal. At trial, Jarrett's defense was that, when the officers entered the house on March 16, he was unaware they were police officers. He claims that one of the three men shot at him, and he only returned the fire. In short, his contention at trial (and on appeal) was that he did not deliberately and intentionally shoot at police officers. He also argued that he only shot in self-defense. The State offered the testimony of witness Chandra Harris to counter Jarrett's claims, and Jarrett objected. After the trial court overruled Jarrett's objection, Harris testified that, about two weeks prior to the March 16 shooting, she had spoken with Jarrett. At that time, Harris informed Jarrett that her uncle was on the police force. Jarrett responded by saying, "If police officers try to take me back to jail, I won't go down without a fight. I am not going back to jail." Jarrett also said, "If [Harris's] uncle gets in the way, he'll die, too." Harris related that, during their conversation, Jarrett showed her two guns, and one of them resembled the weapon that killed the police officer.

In support of his argument that the trial court erred in allowing Chandra Harris's testimony, he cites A.R.E. Rule 404, which in relevant part provides that evidence of other crimes, wrongs, or acts is inadmissible to prove the character of a person in order to show that he acted in conformity therewith. He asserts that the State offered Harris's testimony only to show he was a bad person, and the trial court abused its discretion in permitting such testimony. We disagree.

To prove capital murder in this case, the State was required to show that Jarrett, with premeditated and deliberated purpose, caused a law enforcement officer's death when the officer was acting in the line of duty. *See* Ark. Code Ann. § 5-10-101(a)(3) (Repl. 1997). The State also had to prove attempted capital murder by showing Jarrett, with premeditated and deliberated purpose, attempted to cause an officer's death. *Id.*; Ark. Code Ann. § 5-3-201 (Repl. 1997). Our court has recognized that proving intent is seldom capable of direct proof and must usually be inferred from the circumstances. *See Robinson v. State*, 317 Ark. 17, 875 S.W.2d 837 (1994).

Although A.R.E. Rule 404 generally precludes evidence of other crimes, or acts, to prove the character of the accused, there are exceptions, under subsection (b) of the rule, where the evidence goes to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. A.R.E. rule 404(b). In other terms, we have said that evidence offered under Rule 404(b) must be independently relevant, thus having a tendency to make the evidence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *Johnson v. State*, 333 Ark. 673, 972 S.W.2d 935(1998).

In the present case, the State submits that, under Rule 404(b), it was permitted to introduce Harris's testimony to prove that Jarrett knew that the three men who entered his girlfriend's house were law enforcement officers and that he was not mistaken regarding the officers' identity when he shot them. The State further asserts that Harris's testimony showed that Jarrett's statements

to her clearly indicated that he did not intend to be arrested and taken to jail by police officers without a gun fight. In view of this independent relevance of Harris's testimony bearing on Jarrett's announced intentions only two weeks before he shot two officers on March 16th, the trial court did not abuse its discretion in allowing such testimony into evidence.

Jarrett further claims that, even if Harris's testimony is admissible under Rule 404(b), the testimony was more prejudicial than probative and should have been excluded under A.R.E. Rule 403. On this issue, again, the trial court's decision will not be reversed absent a manifest abuse of discretion. *Regalado v. State*, 331 Ark. 326, 961 S.W.2d 739 (1998).

Jarrett rests this argument largely on the premise that the State had overwhelming evidence (albeit circumstantial) to convict him, and that the State did not need the testimony of Harris. While the State did have other evidence connecting Jarrett to having shot the two officers who were in the process of arresting him, Jarrett's primary defense was that he never knew the men were police officers and therefore had no premeditated and deliberated purpose to shoot them. Harris's testimony bearing on Jarrett's state of mind before the shooting encounter was most probative on these factual issues, as well as Jarrett's self-defense contention. The State was entitled to prove its case on these issues as conclusively as it could. *Id.* at 333, 961 S.W.2d at 743.

The record has been reviewed pursuant to Ark. S. Ct. R. 4-3(h), and it has been determined that there are no errors with respect to rulings on objections or motions prejudicial to Jarrett not discussed above. Because we hold the trial court did not abuse its discretion in its Rule 404 and Rule 403 rulings, we affirm.