RAYMOND R. ABRAMSON, Judge
John Edward Rockins appeals his conviction of aggravated robbery for which he was sentenced to 60 years' imprisonment in the Arkansas Department of Correction for the aggravated-robbery conviction.[1] He challenges the sufficiency of the evidence presented at trial, arguing that he never threatened to use force against the store clerk. We affirm his conviction.
At trial, the State presented the testimony of the store clerk, Candice Thomas, who testified that Rockins entered the convenience store and told her, "this is a god-damned robbery." Thomas testified that she saw the handle of a gun in Rockins's waistband and that his right hand was on the gun. She testified that he never took out the gun, pointed it at her, or mentioned it. After Rockins told her it was a robbery, she put her hands up and started handing Rockins money from the cash register. Rockins then left, and Thomas went outside the convenience store to call the police. The State played the 911 call at trial, and the dispatcher told Thomas multiple times to take a deep breath and to calm down because Thomas was audibly upset by the incident. Later, when the *459 detective working the case showed Thomas a photo lineup of suspects, she began to tremble, shake visibly, and tear up when she saw the photo of Rockins.
In a challenge to the sufficiency of evidence presented at trial, this court considers only the evidence supporting the conviction in the light most favorable to the State and determines whether the verdict is supported by substantial evidence. Sweet v. State , 2011 Ark. 20, at 9, 370 S.W.3d 510, 518. Substantial evidence is evidence that is forceful enough to compel a conclusion beyond suspicion or conjecture. Id. Because a criminal defendant's intent can seldom be proved by direct evidence, it must usually be inferred from the circumstances surrounding the crime. Feuget v. State , 2012 Ark. App. 182, at 2, 394 S.W.3d 310, 311. Jurors are allowed to draw upon their common knowledge and experience to infer intent from the circumstances, and it is presumed that a person intends the natural and probable consequences of his or her acts. Id.
Rockins argues that he never threatened to harm Thomas; therefore, sufficient evidence was not established to convict him of aggravated robbery. A person commits robbery if, with the purpose of committing a felony or misdemeanor theft, "the person employs or threatens to immediately employ physical force upon another person." Ark. Code Ann. § 5-12-102(a) (Repl. 2013). A person commits aggravated robbery if the person commits a robbery while armed with a deadly weapon. Ark. Code Ann. § 5-12-103(a).
When the appellant makes no mention that he or she is armed, this court focuses on what the victim perceived concerning a deadly weapon. Feuget , supra. In Feuget , the appellant argued that he could not be charged with two counts of robbery because he threatened only one victim, and he could not have threatened a victim behind him who did not see a deadly weapon. Feuget entered a bank and handed bags to bank tellers. Id. The bank manager, Mr. Long, testified that Feuget pulled up his shirt and showed something to the bank tellers. Id. Mr. Long did not see what was in Feuget's waistband, and Feuget did not say anything to Mr. Long. Id. Mr. Long began filling the bags with money. Id. This court affirmed Feuget's conviction of aggravated robbery against Mr. Long because Mr. Long felt threatened and believed that he should comply with whatever Feuget wanted so that Feuget would leave as soon as possible. Id.
There is no requirement that a threat of physical harm be made directly or indirectly to a victim-only that it be immediately threatened, however that may be communicated. Robinson v. State , 317 Ark. 17, 875 S.W.2d 837 (1994). In Robinson , our supreme court held that the appellant committed aggravated robbery against a customer in harm's way even though the appellant only directly threatened a store clerk.
In the present case, the evidence is sufficient to support Rockins's conviction that he committed aggravated robbery against Candice Thomas. Thomas testified that she saw a gun in Rockins's waistband and that Rockins's hand was on the gun when he told her it was a robbery. Thomas testified that she was scared and manifested her fear by throwing her hands in the air and then giving money to Rockins. Her fear was further manifested by her terrified demeanor on the phone with the 911 dispatcher and her trembling and tearful reaction when shown Rockins's photo. By telling Thomas it was a robbery and holding his hand on a gun, Rockins communicated a threat of imminent harm to Thomas. Whether Rockins verbally conveyed that he was going to harm Thomas is irrelevant, as this court held in Feuget and our supreme court held in Robinson .
*460 There, sufficient evidence supported convictions when victims did not even see a weapon, because the victims perceived a threat communicated by appellants' actions toward other victims. Thomas perceived a threat when she saw Rockins's hand on a gun and he told her it was a robbery. The jury chose to believe her testimony; consequently, sufficient evidence supports Rockins's conviction of aggravated robbery. Therefore, we affirm his conviction.
Affirmed.
Gruber, C.J., and Klappenbach, J., agree.

Rockins was also convicted of theft of property and sentenced to an additional 20 years in the Arkansas Department of Correction. He appeals only the aggravated-robbery conviction.