Charles LEGG *v.* STATE of Arkansas

CR 77-184                                    559 S.W. 2d 22

Opinion delivered December 19, 1977
(Division II)

*John F. Gibson, Jr.,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Charles Legg and Jake Nave were jointly charged with murder in the second degree, in that they, in conjunction with one another caused the death of James Robert Stevens, under circumstances manifesting extreme indifference to the value of human life, causing his death by a shot from a .22 caliber rifle. Appellant Legg was found guilty of manslaughter and sentenced to three years imprisonment. He asserts that there was abuse of discretion in the court's denial of a motion for severance during the course of the trial. We find no abuse and affirm.

Under Rule 22.3 (b), Arkansas Rules of Criminal Procedure the court, on the motion of a defendant, on grounds other than an implicating out-of-court statement by

a codefendant, shall grant a severance of defendants, if during trial "it is deemed necessary to achieve a fair determination of the guilt or innocence of one or more defendants." At the outset, we should say that we agree with appellant's position that the very language of the statute is indicative that the trial court has some latitude of discretion in granting or denying a motion for severance. He is further correct in assuming that we will not reverse the action of the trial court in the absence of an abuse of discretion.

The motion in question was made at the close of the examination of Peggy Lynn Hall, who was a central figure in the events leading up to the shooting of Stevens. Her testimony tended to show that Nave was the moving force in these events and that Legg reluctantly went to the scene where an argument with Stevens arose and Stevens suffered a fatal wound; that Legg had not joined at first in the quarrel with Stevens that Nave provoked, but later said he was going to bring Nave back to Hall's car in which he and Nave had been riding so they could leave; and that, after the shooting, Legg had said that the gun "just went off." The evidence that Legg held the weapon from which the fatal shot was fired at the time of the shooting and that he had brought it to the scene and had taken it with him "to bring Nave back" leaves no room for doubt.

Appellant had made a motion for severance at the beginning of the trial on the ground that Nave had made a statement implicating appellant. That motion was denied when the prosecuting attorney agreed not to use this statement. Appellant again moved for a severance after his attorney had cross-examined the witness Hall and had been advised by the attorney for Nave that he intended to try to impeach the credibility of the witness. The state rested its case as soon as this witness left the stand and motions for directed verdicts by each of the defendants were then denied. The appellant then renewed the earlier motion for severance. The grounds stated for this renewal were that the trial had developed into a "conflict of interest" between the defendants. The motion was again renewed after all parties had rested. The grounds then stated were that the defenses of Nave were contrary to those of Legg and that, in a separate trial, Legg would have been entitled to call additional witnesses and to use Nave to

impeach the testimony of Joe West, a witness for the state and the companion of Stevens at the time of the fatal encounter.

On the record before us, we can find no abuse of discretion. There is not even a suggestion of the identity of the additional witnesses, what they could have testified, or the reason that they were not used in the joint trial. The inconsistency of appellant's position in suggesting that Nave would have impeached the testimony of West, and his motion to exclude a statement made by Nave to officers is at once apparent. Again, there is not even a hint as to what this impeaching testimony would have been. We do not consider the testimony of Hall to have been so favorable to appellant that the mere attack on the credibility of the witness by his codefendant was prejudicial, particularly in view of the admissions extracted from the witness during this cross-examination. Mrs. Hall admitted that she had been twice married, had lost a custody fight over two children in a divorce proceeding and had been a suspect in an unsuccessful search of her house trailer for marijuana. The conflict of defenses was not pointed out.

Since we are unable to say on this record that it was manifest that a severance was necessary in order to have a fair determination of appellant's guilt or innocence, there was no abuse of the trial court's discretion.

We agree. HARRIS, C.J., and HOLT and HOWARD, JJ.