Chad EVELAND, et al. *v.* STATE of Arkansas

CA CR 93-242                                    929 S.W.2d 165

Court of Appeals of Arkansas
Division III
Opinion delivered August 28, 1996

394

*Andrew L. Clark*, for appellant Chad Eveland.

*Phillip M. Hendry*, for appellant Scotty Hancock.

*Diana M. Maulding*, for appellant Charles Provance.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Chad Eveland, Scotty Hancock, and Charles Provance appeal from a decision of the Randolph County Circuit Court, which ruled on remand from this court that the appellants' motions for separate trials and counsel's motion to be relieved as counsel for two of the appellants were not timely and were denied.[1] We find merit to the appellants' arguments and reverse for a new trial.

■ The appellants were originally convicted of rape and each was sentenced to ten years in the Arkansas Department of Correction. An appeal was taken, and in an unpublished opinion on December 7, 1994, we remanded the case to the trial court because of the trial court's failure to rule on the appellants' motions for separate trials and counsel's motion to be relieved as counsel. We observed in our 1994 opinion that the trial court was under the misconception that the constitutional prohibition against double

---

[1] Although the trial judge commented from the bench that he was denying all of these motions, the order filed on March 7, 1995, from which this appeal was taken, only recites that appellants' motions for separate trials were denied and was silent on appellants' motion for separate counsel. However, because it appears that the trial court implicitly denied this motion and since all parties to this appeal treat the motion as having been denied, so do we.

jeopardy would prevent the appellants from being tried again if either motion were granted. We clearly stated in our first opinion that, "[w]hile it is true that jeopardy attaches to the accused when the jury is finally sworn to try the case, the constitutional right against double jeopardy, as is pertinent here, may be invoked to bar a second trial only when the first jury is discharged before the case is completed *without the consent of the defendant*, expressed or implied." We went on to hold that, "since appellants were the moving parties, granting the motions and discharging the jury clearly would not have prevented appellants from being tried for their alleged crimes." *See Wilson v. State*, 289 Ark. 141, 712 S.W.2d 654 (1986).

■ Upon remand, the trial court failed to understand, or at least failed to acknowledge, the authorities we cited that explained why double jeopardy would not act as a bar to a subsequent prosecution. The trial judge referred to our 1994 opinion and stated on the record that "I don't care what they say. What is the, what is the standard law?" We find the trial court's remarks intemperate and disrespectful of our authority. Even if our opinion was erroneous, which it was not, our earlier decision was controlling under the doctrine of the law of the case. *See Christian v. State*, 318 Ark. 813, 889 S.W.2d 717 (1994); *Mauppin v. State*, 314 Ark. 566, 865 S.W.2d 270 (1993); *Bennett v. State*, 308 Ark. 393, 825 S.W.2d 560 (1992); *Findley v. State*, 307 Ark. 53, 818 S.W.2d 242 (1991); *Bussard v. State*, 300 Ark. 174, 778 S.W.2d 213 (1989). Because the trial court ultimately ruled that the motions were untimely, even though still laboring under the misconception that double jeopardy would bar a new trial, we now review the correctness of those rulings.

A brief recitation of the facts is necessary for a proper understanding of the issues currently on appeal. The appellants were charged with the rape of a thirteen-year-old girl that occurred in August 1990. Shortly after the alleged rape, each of the three appellants gave a statement to the police in which each made certain incriminating statements against the others, as well as statements implicating themselves.

On July 6, 1992, appellants' attorney of record notified the trial court of his suspension from the practice of law. Just prior to the trial, Mr. Cecil Kildow undertook representation of appellants and represented all three of them at trial. During a preliminary hearing prior to selecting the jury, the prosecutor informed the

court that he intended to use the appellants' prior statements for impeachment purposes during cross-examination. Shortly thereafter, but after the jury was selected and sworn, appellants' counsel moved for separate trials and to be relieved as counsel for two of the appellants. Counsel argued that a conflict had arisen in attempting to represent all three appellants because there were potential "defenses that the alleged accomplices could raise that would adversely affect the case of the alleged perpetrator." As discussed above, the trial court ruled that jeopardy had attached and denied the motion. To reiterate our earlier ruling, though jeopardy had attached, the appellants were the moving parties, and double jeopardy would not bar a subsequent prosecution had the trial court granted appellants' motions. On remand the trial court again denied the motions, ruling that they were untimely.

The appellants first contend on appeal that the trial court erred in failing to grant their motions for separate trials. On remand appellants argued that they were entitled to separate trials under Ark. R. Crim. P. 22.3, and argued that they had met certain criteria that are to be considered for a severance, citing *Cloird* v. *State*, 314 Ark. 296, 862 S.W.2d 211 (1993), and *McDaniel* v. *State*, 278 Ark. 631, 648 S.W.2d 57 (1983). Appellants argue that their defenses were antagonistic because of their statements to the police implicating each other. Charles Provance and Chad Eveland also contend that, because the evidence against Scotty Hancock was overwhelming and the evidence against them only minimal, severance should have been granted.

■    Arkansas Rule of Criminal Procedure 22.3 provides:

(a) When a defendant moves for a severance because an out-of-court statement of a codefendant makes reference to him but is not admissible against him, the court shall determine whether the prosecution intends to offer the statement in evidence at the trial. If so, the court shall require the prosecuting attorney to elect one of the following courses:

(i) a joint trial at which the statement is not admitted into evidence;

(ii) a joint trial at which the statement is admitted into evidence only after all references to the moving defendant have been deleted, provided that, as deleted, the statement will not prejudice the moving defendant; or

(iii) severance of the moving defendant.

■ In *McDaniel* v. *State, id.*, the supreme court listed seven factors that a trial court should consider in deciding whether to grant a severance. These factors favoring severance are as follows:

> (1) where defenses are antagonistic; (2) where it is difficult to segregate the evidence; (3) where there is a lack of substantial evidence implicating one defendant except for the accusation of the other defendant; (4) where one defendant could have deprived the other of all peremptory challenges; (5) where if one defendant chooses to testify the other is compelled to do so; (6) where one defendant has no prior criminal record and the other has; (7) where circumstantial evidence against one defendant appears stronger than against the other.

■■ The issue of severance is to be decided on a case-by-case basis considering the totality of the circumstances. *Williams* v. *State*, 304 Ark. 279, 801 S.W.2d 296 (1990). A trial court's decision denying a motion to sever will not be disturbed unless the appellate court finds that there has been an abuse of discretion. *Ford* v. *State*, 296 Ark. 8, 753 S.W.2d 258 (1988). A trial court is said to have abused its discretion when it is manifest from the record that a severance was necessary in order to have a fair determination of an accused's guilt or innocence. *Legg* v. *State*, 262 Ark. 583, 559 S.W.2d 22 (1977).

In the present case, the trial court failed to consider Arkansas Rule of Criminal Procedure 22.3 when it ruled that the appellants' motions were untimely. Furthermore, the trial court did not consider any of the seven factors set forth above that favor severance. The evidence in this case clearly showed that appellants' defenses were antagonistic because their prior statements were used against each other as well as themselves. Both Chad Eveland's and Charles Provance's statements, which were admitted into evidence, stated that their codefendant, Scotty Hancock, had sexual intercourse with the victim. Each of the codefendants' statements contained damaging statements against the others. The victim testified at trial that Charles Provance gave her assistance after the alleged rape occurred. There was clearly a lack of substantial evidence indicating that Charles Provance was an accomplice to the alleged rape. Additionally, all three appellants were called as witnesses in their own

defense, possibly being compelled to testify due to the others testifying and implicating one another.

■ Based on these three factors favoring severance and the trial court's failure to follow Rule 22.3 to protect the appellants against each other's statements, we believe that the trial court abused its discretion in failing to grant the severance. Trial counsel had only recently been appointed and seems to not have been on notice, prior to trial, of the significance of the appellants' statements, that they were going to be introduced into evidence, and of the conflict in defenses that we believe is apparent from the record.

Appellants secondly contend that the trial court erred in failing to grant Mr. Kildow's motion to withdraw as counsel for two of the appellants. He requested to be relieved as counsel as to Chad Eveland and Charles Provance, stating, "There are potentially defenses that the alleged accomplices could raise that would adversely affect the case of the alleged perpetrator." Appellants argue that the trial court abused its discretion in ruling that the motion was untimely. We agree.

■■ In *White* v. *State*, 39 Ark. App. 52, 837 S.W.2d 479 (1992), we stated that when a conflict of interest exists, the issue is whether the conflict adversely affected counsel's performance. An attorney may represent two or more defendants without such representation constituting a per se violation of the Sixth Amendment right to effective assistance of counsel. *Holloway* v. *Arkansas*, 435 U.S. 475, 482 (1978). A defendant who objects to multiple representation must have the opportunity to show that potential conflicts impermissibly imperil his right to a fair trial. *Cuyler* v. *Sullivan*, 446 U.S. 333 (1980). If no objection at trial is made, a defendant must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. *Id.* at 349.

■ In *Holloway* v. *Arkansas*, *supra*, the Supreme Court recognized that defense counsel "is in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop in the course of a trial." When a substantial disparity in the evidence exists between the codefendants, it is unusual if an actual conflict does not also exist. *See also Ingle* v. *State*, 294 Ark. 353, 742 S.W.2d 939 (1988). The Supreme Court also stated in *Holloway* that defense attorneys have the obligation to advise the court at once upon discovering a conflict of interest.

In the present case, the sole counsel for the appellants had just recently undertaken their defense. It was only just prior to the jury being sworn that the prosecutor voiced his intent to use the statements in a specific manner. Shortly thereafter counsel moved to sever and to be relieved as counsel because of the conflict of interest.

As pointed out above, the appellants' defenses were antagonistic in certain respects because of their prior statements, and because of their anticipated and actual testimony against each other at trial. There was a large disparity between the evidence against one defendant, Scotty Hancock, who was the alleged "perpetrator," and Charles Provance, who the victim herself acknowledged had assisted her after the rape. Counsel also had a conflict in the defense of the three appellants because of his need to call them to testify in their own respective behalves, yet each contradicted the others' alleged innocence during direct testimony. Furthermore, they implicated each other in their prior statements that were used by the prosecution on cross-examination.

As the Supreme Court stated in *Holloway*, trial counsel was in the best position to evaluate the possible conflicts and requested to be relieved as counsel for two of the appellants. It appears that counsel made his motion in a reasonably timely manner upon learning of the problem. Such a fundamental right to counsel should not have been overlooked by the trial court. We believe that the trial court abused its discretion in denying appellants' motions for separate counsel.

We reverse and remand for a new trial with separate counsel for each respective appellant. The appellants are entitled to separate trials unless they now agree to a consolidated trial.

Reversed and remanded.

GRIFFEN, J., agrees.

MAYFIELD, J., concurs.