Sharilyn PATTERSON *v.* STATE of Arkansas

CR 96-1001                                     935 S.W.2d 266

Supreme Court of Arkansas
Opinion delivered December 23, 1996

*William R. Simpson, Jr.*, Public Defender, by: *C. Joseph Cordi, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. The court of appeals certified this case as

one involving statutory interpretation of Ark. Code Ann. § 5-37-207 (Repl. 1993). Appellant Sharilyn Patterson was charged under § 5-37-207 with using Val Hansen's credit card to obtain property exceeding $100.00 in value with knowledge the card was stolen. Following a bench trial, Patterson was found guilty and sentenced as a habitual offender to three years' imprisonment. Patterson's sole issue on appeal is that the evidence was insufficient to support her conviction because the State failed to show Hansen's credit card was stolen.

We first point out the State's information charged Patterson under § 5-37-207, and Patterson has never questioned the information as being deficient. *Cf. State* v. *Johnson*, 326 Ark. 189, 931 S.W.2d 760 (1996). Section 5-37-207 sets out the criminal offense of fraudulent use of a credit card as follows:

> (a) A person commits the offense of fraudulent use of a credit card if, with purpose to defraud, he uses a credit card to obtain property or services with knowledge that:
>
> (1) The card is stolen; or
>
> (2) The card has been revoked or cancelled; or
>
> (3) The card is forged; or
>
> (4) For any other reason his use of the card is unauthorized by either the issuer or the person to whom the credit card is issued.
>
> (b) Fraudulent use of a credit card is a Class C felony if the value of money, goods, or services obtained during any six-month period exceeds one hundred dollars ($100). Otherwise, it is a Class A misdemeanor.

As is pertinent in the present case and facts discussed more fully hereinafter, a person's fraudulent use of a credit card to obtain property is not limited only to situations where a card is stolen, but as is provided in subsection (a)(4), it includes a person's acts when his or her use of the card is unauthorized by either the issuer or the person to whom the credit card is issued. In general, under the provisions of § 5-37-207, it is the *use* of a stolen, revoked or cancelled, forged, or unauthorized credit card that results in a criminal violation. Specifically, it is the use of the account numbers on a credit card which gives the plastic card any credit value.

We turn now to consider that evidence that is most favorable to the appellee-State, as we are required to do. *See Robinson* v. *State*, 317 Ark. 17, 875 S.W.2d 837 (1994); *Brenk v. State*, 311 Ark. 579, 847 S.W.2d 1 (1993). On June 29, 1995, an unknown male called the Dillard's store located at the Little Rock Park Plaza Mall. Salesperson, Michael Morris, answered the phone, and took an order from the caller for men's clothing valued at $165.36. The caller identified himself as Val Hansen and gave Morris Hansen's Visa-card number and driver's license number, and said his wife, "Terry," would pick up the merchandise. Morris became suspicious of the caller's phone order, and notified a policeman working as a security guard in Dillard's. Sergeant Phil Wilson contacted the real Val Hansen, who denied having made any purchases by phone and denied having a wife named Terry. Approximately thirty minutes after the phone call to Morris, Patterson entered Dillard's, and told Morris that she was "Terry" and was there to pick up the merchandise. Upon receipt of the goods, Patterson started to walk out of Morris's department when she was arrested by Wilson.

While Patterson argues the State failed to show that Hansen's credit card was stolen, the State, as required by § 5-37-207, presented substantial, albeit circumstantial, evidence that Patterson, without authorization, utilized Hansen's credit card account number to obtain merchandise from the Dillard store. In addition to establishing the facts outlined above in its case-in-chief, the State further offered Hansen's testimony that he did not know Patterson. Further evidence showed that when Officer Wilson stopped Patterson from exiting the store with the merchandise, she falsely identified herself as "Terry," and refused to give the name of the person she claimed had asked her to pick up the goods.

██ ██ Patterson testified at trial, proclaimed her innocence, and told a story which varied substantially from that presented by the State. Of course, the trial court did not have to believe Patterson's version of what occurred. In fact, when testifying, she admitted to two prior felony convictions, theft by receiving and forgery in the second degree, and the trial court alluded to Patterson's criminal record when it rejected her story as implausible and found her guilty. As this court has held repeatedly, credibility of the witness is a matter for the trier of fact and such determinations will not be disturbed on appeal when there is substantial evidence to support the factfinder's conclusion. *Brenk*, 311 Ark. 579, 847

S.W.2d 1. Here, the State's evidence was more than sufficient to show Patterson used Hansen's credit card account number without his authorization to obtain merchandise from Dillard's. Therefore, we affirm.