Laveris Darnell TOWNSEND *v.* STATE of Arkansas

CA CR 01-516                                    66 S.W.3d 666

Court of Appeals of Arkansas
Division II
Opinion delivered January 30, 2002

*Huggins & Huggins, P.A.*, by: *Joel O. Huggins*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant in this criminal case was charged with aggravated robbery, being a felon in possession of a firearm, and being a habitual offender. After a jury trial, he was convicted of those offenses and sentenced to imprisonment for twenty, ten, and ten years, respectively, to be served consecutively. From that decision, comes this appeal.

For reversal, appellant contends that the trial court erred in denying defense counsel's motion to withdraw as attorney of record after defense counsel learned that appellant had sued him in federal court for one million dollars; in denying appellant's motion to suppress his statement and a photo lineup; and in refusing to allow the defense to conduct a sequestered voir dire of the venire, and then refusing to grant a mistrial after one of the prospective jurors made an unsolicited reference to a rape charge that had been severed for trial at a later date. We find that appellant's first contention has merit, and we reverse and remand on that basis.

With regard to appellant's first argument, the record shows that appellant's defense counsel learned, the evening before trial, that

appellant had sued him for one million dollars in federal court, alleging that defense counsel had conspired with the Fayetteville Police Department to intentionally give appellant bad legal advice. On the morning of trial, defense counsel moved to be relieved as attorney of record on the grounds of irreconcilable differences, stating that he had not seen the lawsuit, but he had been reliably informed that such a lawsuit was filed. The trial judge questioned the appellant, who generally confirmed that such a lawsuit had indeed been filed. After a brief discussion, the trial judge denied the motion to be relieved as counsel, stating that:

> I do not quite understand, still to this point, what you have filed in federal court. Obviously I do not have a copy of it, but I see no reason why we cannot proceed today with the trial.

The United States Supreme Court recognized in *Holloway v. Arkansas*, 435 U.S. 475 (1978), that defense counsel is in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop in the course of a trial. The Supreme Court also stated in *Holloway* that defense attorneys have the obligation to advise the court at once upon discovering a conflict of interest. *See id.*; *see also Eveland v. State*, 54 Ark. App. 393, 929 S.W.2d 165 (1996). Pursuant to *Holloway, supra,* the trial court has a duty, when an objection at trial brings a potential conflict of interests to light, to either appoint different counsel or to take adequate steps to ascertain whether the risk of a conflict of interests was too remote to warrant different counsel. We agree with appellant's argument that the trial court failed to do so in the case at bar. Here, the record shows that the trial judge made only a cursory investigation of the circumstances of the asserted conflict, and summarily ruled on the motion to be relieved in the absence of any information concerning the lawsuit filed against defense counsel. Consequently, we reverse and remand on this point.

We address appellant's argument that the trial court erred in denying his motion to suppress his statement and a photo lineup because it is likely to recur on retrial. The record shows that appellant was walking down a street when he was stopped and questioned during an investigation of motel robberies and rape because his appearance was a close match to a description of the perpetrator. The record also shows that, although appellant was questioned for approximately thirty minutes, much of this time was spent attempting to verify false identification given by appellant to the investigating officers.

■ It is true that Ark. R. Crim. P. 3.1 generally allows a police officer to detain a felony suspect for only fifteen minutes to verify his identity of the lawfulness of his conduct. However, the Rule expressly provides that this time period may be enlarged so that the investigation may extend "for such time as is reasonable under the circumstances." Here, in light of the evidence that the investigation was lengthened as a result of the false identification given by appellant to the investigators, we cannot say that the additional fifteen minutes' detention was not reasonable under the circumstances.

■ With regard to the custodial statement made by appellant after he was arrested for criminal impersonation, we review the trial judge's ruling on the motion to suppress by making an independent determination based upon the totality of the circumstances, and we reverse only if the ruling is clearly against the preponderance of the evidence. *Wright v. State*, 335 Ark. 395, 983 S.W.2d 397 (1998). The credibility of witnesses who testify at a suppression hearing about the circumstances surrounding the appellant's in-custody confession is for the trial judge to determine, and we defer to the superior position of the trial judge in matters of credibility. *Id.* Here, there was evidence that appellant was no stranger to the criminal justice system, as well as testimony that appellant understood his *Miranda* rights and indicated that he did so. Under these circumstances, we cannot say that the State failed to prove that his custodial statement was voluntary.

We need not address the issue concerning the unsolicited reference to the severed rape charge during voir dire because it is not likely to recur on retrial.

Reversed and remanded.

JENNINGS and VAUGHT, JJ., agree.