Laveris Darnell TOWNSEND *v.* STATE of Arkansas

CR 02-1130                                    134 S.W.3d 545

Supreme Court of Arkansas
Opinion delivered December 4, 2003

*Clark & Spence*, by: *George R. Spence*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

R AY THORNTON, Justice. Appellant, Laveris Townsend, was convicted of aggravated robbery and being a felon in possession of a firearm by a Washington County jury. Based on his status as a habitual offender, appellant was sentenced to life plus 180 months' imprisonment in the Arkansas Department of Correction.

Appellant's conviction stems from two hotel robberies that occurred in Fayetteville on October 1, 2000, and October 10, 2000. On November 6, 2000, a felony information was filed charging appellant with one count of aggravated robbery, three counts of rape, one count of aggravated robbery, two counts of being a felon in possession of a firearm pursuant to Ark. Code Ann. § 5-73-103 (Supp. 1995), and two counts of being a felon in possession of a firearm pursuant to Ark. Code Ann. § 16-90-120 (1987). The information also alleged that appellant, who had been convicted of more than one but less than three prior felonies, was a habitual offender. The crimes charged in the information consisted of events that occurred on two separate occasions, and the two criminal episodes were severed for trial.

The subject of appellant's first trial was the robbery that occurred at the Hampton Inn. The charges pursued at the trial included aggravated robbery, being a felon in possession of a firearm, and being a habitual offender. Appellant was convicted of all charges and sentenced to a total of forty years' imprisonment in the Arkansas Department of Correction.

From his conviction, appellant appealed to our court of appeals. *See Townsend v. State*, 76 Ark. App. 371, 66 S.W.3d 666 (2002) *overruled in part Townsend v. State*, 350 Ark. 129, 85 S.W.3d 526 (2002)). On appeal, appellant argued that the trial court erred in denying his attorney's motion to withdraw as attorney of record. The court of appeals agreed with appellant's contention and reversed and remanded appellant's case. *Townsend v. State*, 76 Ark. App. 371, 66 S.W.3d 666 (2002) [*Townsend I*].

Subsequent to the trial in *Townsend I*, a trial for the crimes that occurred at the Red Roof Inn was held. At that trial, appellant was convicted of aggravated robbery, rape, and being a felon in possession of a firearm, and he was sentenced to ninety-five years' imprisonment in the Arkansas Department of Correction. In an opinion issued September 26, 2002, we affirmed appellant's convictions. *Townsend v. State*, 350 Ark. 129, 85 S.W.3d 526 (2002) [*Townsend II*].

On June 24, 2002, after *Townsend I* was remanded to the trial court, the State filed an amended felony information. The new information alleged the same charges as previously stated, but amended the allegation of appellant's habitual-offender status reflecting appellant's convictions in *Townsend II*.

On July 18, 2002, appellant filed a motion seeking to quash the amended information. In his motion, appellant argued that:

> the habitual-offender statute allowing enhanced punishment under certain conditions is based upon the defendant's status; that the defendant's status at the time of the first trial of this matter would not have allowed him to be charged in the manner in which the State has charged him in the amended felony information; that the defendant is without fault related to the reasons for this retrial occurring.

Prior to trial, the trial court heard arguments on appellant's motion to quash. Thereafter, appellant's motion was denied.

At the conclusion of appellant's new trial, he was convicted of aggravated robbery, and being a felon in possession of a firearm. Based on his habitual-offender status, appellant received a sentence of life imprisonment for the aggravated-robbery conviction.

It is from this conviction and sentence that appellant appeals. On appeal, he raises one point for our consideration, and we affirm.

In his only point on appeal, appellant argues that the trial court erred in denying his motion to quash the amended felony information. Specifically, appellant contends that the new information should have been quashed because the amendment was an attempt to "punish" him "for exercising his fundamental right to appeal." Appellant argues that the amendment, which subjected him to a mandatory life sentence upon retrial, violated his due-process rights.

In *North Carolina v. Pearce*, 395 U.S. 711 (1969), the United States Supreme Court held:

> [T]he imposition of a penalty upon the defendant for having successfully pursued a statutory right of appeal or collateral remedy would be . . . a violation of due process of law. A new sentence with enhanced punishment, based upon such reason, would be a flagrant violation of the rights of the defendant.

*Id.* Based on this principle, the Court explained:

> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
>
> In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing

proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

*Id.*

█ The constitutional principles discussed in *Pearce, supra* were extended in *Blackledge v. Perry*, 417 U.S. 21 (1974). We discussed this case in *Gardner v. State*, 332 Ark. 33, 963 S.W.2d 590 (1998), where we wrote:

> In *Blackledge* the respondent, already an incarcerated prisoner, was initially charged in North Carolina District Court with misdemeanor assault with a deadly weapon. Following a bench trial, the respondent was given a six-month sentence to be served following the expiration of the time he was already serving. Respondent then exercised his statutory right to trial *de novo* in North Carolina Superior Court. Following the filing of the notice of appeal, the prosecuting attorney obtained an indictment (based on the same conduct) for felony assault with a deadly weapon with intent to kill and inflict serious bodily injury. Respondent pleaded guilty to the indictment in Superior Court, and was sentenced to a term of five to seven years to be served concurrently with time already being served.
>
> The Supreme Court granted *certiorari* to consider whether the "indictment on the felony charge constituted a penalty for his exercising his statutory right to appeal" in violation of the Due Process Clause of the Fourteenth Amendment. *Id.* Respondent's due-process arguments were "derived substantially" from *Pearce, supra. Blackledge, supra.* While the *Blackledge* Court acknowledged that there was no evidence of prosecutorial bad faith or maliciousness in seeking the felony indictment, "[t]he rationale of our judgment in the *Pearce* case, however, was not grounded upon the proposition that actual retaliatory motivation must inevitably exist.
>
> * * *
>
> The *Blackledge* Court reasoned that the same considerations applied so that a person convicted of an offense should be free of apprehension of the substitution of a more serious charge, subjecting

that person to increased penalties and other collateral consequences, once that person exercised his statutory right to a *de novo* trial.

*Gardner, supra.*

In light of its analysis in *Blackledge,* the Court noted that:

> *This would clearly be a different case if the State had shown that it was impossible to proceed on the more serious charge at the outset,* as in *Diaz v. United States,* 223 U.S. 442, 32 S. Ct. 250, 56 L.Ed. 500. In that case the defendant was originally tried and convicted for assault and battery. Subsequent to the original trial, the assault victim died, and the defendant was then tried and convicted for homicide. Obviously, it would not have been possible for the authorities in Diaz to have originally proceeded against the defendant on the more serious charge, since the crime of homicide was not complete until after the victim's death.

*Blackledge, supra.* (Emphasis added).

In *Gardner, supra,* after reviewing the applicable United States Supreme Court case law, we explained that there are two methods whereby a criminal defendant may establish a claim for prosecutorial vindictiveness. First, the defendant may establish actual vindictiveness by "prov[ing] objectively that the prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do." *Id.* (Citing *United States v. Goodwin,* 457 U.S. 368 (1982)). However, we noted that this is an extremely difficult burden for the defendant to satisfy, given that it involves proving the prosecutor's state of mind. *Id.* Next, relying on *Blackledge, supra,* a criminal defendant may contend that there is presumption of vindictiveness when a prosecutor substitutes a more serious charge for an original charge thus subjecting the criminal defendant to a potentially increased period of incarceration following the defendant's exercise of his right to appeal. *Id.*

Turning to the case now before us, we must determine whether the amendment to the felony information that was filed in appellant's case after he successfully pursued an appeal from his conviction is unconstitutional. Specifically, we must determine whether vindictiveness led to the filing of the amended felony information, which subjected appellant to an increased sentence.

■ Appellant has failed to establish that the State acted with "actual vindictiveness" when it amended the felony information filed in his case. No evidence was presented in appellant's motion to quash or during the hearing on his motion which would establish that the State's charging decision was motivated by a desire to punish appellant for appealing his conviction from his first trial.

■ With regard to the "presumption of vindictiveness" discussed in *Blackledge*, appellant has established a *prima facie* due-process violation. Appellant has established that after he successfully appealed his conviction, the State filed an amended felony information that subjected him to a higher sentence than he received in his previous trial. These actions were considered suspect in *Blackledge*. Accordingly, we conclude that appellant has established a *prima facie* due-process violation.

Having concluded that appellant has established a *prima facie* due-process violation, we must next determine whether the State sufficiently rebutted the presumption of vindictiveness. The amendment made to the felony information involved appellant's status as a habitual offender. The felony information that was filed prior to appellant's first trial alleged:

> [that appellant had] previously been convicted of more than one (1) but less than four (4) felonies not enumerated in subsection (c) of this section, or who has been found guilty of more than one (1) but less than four (4) felonies in violation of ACA § 5-4-501 (Supp. 1995), to wit, defendant has at least three (3) prior felony convictions including but not limited to two (2) counts of robbery and one (1) count of possession of cocaine.

The amended felony information that was filed prior to appellant's second trial alleged:

> [appellant has] previously been convicted of two (2) or more felonies involving violence enumerated in subsection (d)(2) of this section in violation of ACA § 5-4-501(d)(1), to wit defendant has two (2) or more felony convictions involving violence, including but not limited to one count of aggravated robbery and four (4) counts of rape.

■ The allegations contained in the amended information were not available prior to appellant's first trial. Specifically,

appellant had not been convicted of aggravated robbery or rape prior to his first trial. These convictions stem from the separate trial held on the crimes that appellant committed at the Red Roof Inn. The trial for the crimes that occurred at the Red Roof Inn and appellant's conviction of these crimes did not occur until after appellant's first trial for the Hampton Inn was completed. Thus, the State could not enhance appellant's sentence in the first Hampton Inn trial with the convictions from the Red Roof Inn case prior to appeal. However, by the time appellant successfully obtained a new trial in the Hampton Inn case, he had been convicted of four counts of rape and one count of aggravated robbery in the Red Roof Inn case. The new convictions were used to amend the felony information. Because it was impossible to proceed on the enhanced-sentencing charge, as articulated in the amended felony information, in appellant's first trial, we conclude that the State has rebutted the presumption of vindictiveness. *See Blackledge, supra.* Accordingly, the trial court did not err in denying appellant's motion to quash the amended felony information.

### *4-3(h) Review*

In compliance with Ark. Sup. Ct. R. 4-3(h), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant, and no error has been found.

Affirmed.