2009 Ark. 452

**Chor J. PHAVIXAY, Appellant,**

v.

**STATE of Arkansas, Appellee.**

No. CR 08–1463.

Supreme Court of Arkansas.

Oct. 1, 2009.

Charles E. Smith, Fort Smith, for appellant.

Dustin McDaniel, Att'y Gen., by Valerie Glover Fortner, Ass't Att'y Gen., for appellee.

JIM HANNAH, Chief Justice.

On March 6, 2007, appellant Chor Jott Phavixay was convicted by a Sebastian County jury of delivery of methamphetamine, in violation of Arkansas Code Annotated section 5–64–401 (Repl.2005), and sentenced to a term of 384 months' imprisonment. In a prior appeal to this court, Phavixay successfully challenged the admission of evidence of a prior crime pursuant to Arkansas Rule of Evidence 404(b), and we reversed and remanded for a new trial. *See Phavixay v. State,* 373 Ark. 168,

282 S.W.3d 795 (2008). During the pendency of the appeal, Phavixay pled guilty to eight other felony drug charges and, based on these convictions, the State amended the information on August 27, 2008, alleging that Phavixay was subject to punishment as a habitual offender.

On September 10, 2008, Phavixay was again convicted by a Sebastian County jury of delivery of methamphetamine, and he was sentenced to a term of 300 months' imprisonment. On appeal, Phavixay asserts that the circuit court erred in denying his motion for directed verdict. He further asserts that the circuit court erred in instructing the jury of his habitual-offender status and in allowing the State to engage in prosecutorial vindictiveness by amending the information. Finally, Phavixay asserts that the circuit court abused its discretion when it denied his motion for mistrial and failed to give a cautionary instruction. Because this case is a subsequent appeal following an that has been decided in this court, we have jurisdiction of the case pursuant to Arkansas Supreme Court Rule 1–2(a)(7) (2009). We affirm the circuit court.

## I. *Motion for Directed Verdict*

This court treats a motion for directed verdict as a challenge to the sufficiency of the evidence. *Boyd v. State*, 369 Ark. 259, 253 S.W.3d 456 (2007). In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.*

Pursuant to Arkansas Code Annotated section 5–64–401(a)(1)(A)(i), it is unlawful for any person to deliver methamphetamine. "Deliver" or "delivery" is defined as the transfer of a controlled substance in exchange for money. Ark.Code Ann. § 5–64–101(7) (Repl.2005).

At trial, Fort Smith Police Department Detective Darrell Craghead testified that he organized a controlled drug buy through the use of Michael Bingham, a known confidential informant, to buy methamphetamine from Phavixay. On August 24, 2006, Craghead met Bingham, who had set up a buy of an eight ball of methamphetamine from Phavixay. Craghead testified that he met Bingham at a predetermined location, where he searched Bingham's vehicle and his person to make sure there was no contraband present prior to the transaction. Craghead stated that he gave Bingham $250 in marked money and fitted him with an audio device, which only allowed Craghead to hear Bingham's end of the conversation. After calling Phavixay and receiving instructions from him, Bingham drove to the corner of North 12th and J streets. Once there, Bingham called Phavixay, who instructed him to drive to Ragon Courts, an apartment complex located at 3300 North 6th Street. Craghead testified that he never lost visual surveillance of Bingham and that Bingham neither stopped nor talked to anyone while en route. When Bingham arrived at Ragon Courts, Craghead watched him enter apartment 25, remain inside for three to four minutes, and return to his vehicle. Craghead stated that, while he lost visual surveillance while Bingham was inside the apartment, he did not lose audio surveillance. When Bingham left the apartment, Craghead resumed visual surveillance and followed Bingham to a predetermined location.

Bingham turned over to Craghead a small, zip-top bag, which was determined to contain 1.7794 grams of methamphetamine. At trial, Craghead positively identified the bag, and it was introduced into evidence without objection.

Bingham also testified at trial regarding the details of the controlled buy on August 24, 2006. He stated that he called Phavixay to set up the purchase of an eight ball of methamphetamine. Bingham testified that he called Craghead, and the two met at a designated location. Bingham stated that Craghead searched his vehicle and his person, fitted him with an audio device, and gave him marked money for the purchase. Bingham testified that he then called Phavixay and asked him where to drive. He added that he made no stops on the way to the buy, nor did he make any stops on his return to meet Craghead.

Bingham stated that after he arrived at the first location, which he referred to as an apartment complex at North 12th and J streets, he called Phavixay to receive further instructions. According to Bingham, Phavixay told him to go to Ragon Courts. Bingham stated that after he arrived at Ragon Courts, he again called Phavixay and was told to go to apartment 25. Bingham testified that he walked into apartment 25, where he met Phavixay, and gave him $250 in exchange for an eight ball of methamphetamine. Bingham then left the apartment and met Craghead at the designated location, where he handed over the methamphetamine to Craghead. Bingham testified that Craghead again searched his vehicle and his person.

At the close of the State's case Phavixay moved for a directed verdict, arguing that the State had presented insufficient evidence of delivery and that Bingham's testimony lacked credibility and would not support a verdict. The circuit court denied the motion.[1]

Phavixay contends that the circuit court erred in denying the directed-verdict motion and that he was convicted on the "essentially-uncorroborated" testimony of Bingham, who was both a felon with numerous convictions and an informant who had reason to try to gain favor with the police in order to help himself. Thus, Phavixay claims on appeal, as he did below, that Bingham is not credible and that his testimony cannot support a verdict.

This court does not attempt to weigh the evidence or assess the credibility of witnesses. *Harmon v. State*, 340 Ark. 18, 8 S.W.3d 472 (2000). That lies within the province of the trier of fact. *Williams v. State*, 338 Ark. 178, 992 S.W.2d 89 (1999). We are bound by the factfinder's determination on the credibility of witnesses. *Harmon, supra.* Likewise, we have long held that the trier of fact is free to believe all or part of a witness's testimony. *Id.; Freeman v. State*, 331 Ark. 130, 959 S.W.2d 400 (1998); *Patterson v. State*, 326 Ark. 1004, 935 S.W.2d 266 (1996). Moreover, inconsistent testimony does not render proof insufficient as a matter of law, and one eyewitness's testimony is sufficient to sustain a conviction. *See Williams, supra; Rawls v. State*, 327 Ark. 34, 937 S.W.2d 637 (1997).

In the instant case, Craghead testified that Bingham and his vehicle were free of drugs before the arranged buy with Phavixay. Craghead stated that he followed Bingham to different locations, eventually

---

1. We note that Phavixay did not renew his motion for directed verdict after resting. Nevertheless, Phavixay's argument on appeal is preserved because he presented no evidence after the motion was made. *See, e.g.,* *Robinson v. State*, 317 Ark. 17, 23, 875 S.W.2d 837, 841 (1994) ("[W]hen a defendant presents no evidence after a directed verdict motion is made, further reliance on that motion is not waived.").

arriving at Ragon Courts, where Bingham purchased the methamphetamine. Following the purchase, Bingham was again searched, and the search revealed the clear-zippered bag of methamphetamine that Bingham said he had bought from Phavixay. Bingham identified Phavixay in court and testified that he had purchased methamphetamine from him. Defense counsel was free to attack Bingham's credibility and did so at trial. Further, the jury was aware that Bingham had a criminal record, as he testified that he had been to prison in Oklahoma on three different occasions, and that he was currently on a suspended sentence. Here, the jury was free to resolve issues of credibility and fact with respect to the testimony of both Craghead and Bingham. We hold that there is substantial evidence to support the verdict for delivery of methamphetamine. The circuit court did not err in denying Phavixay's motion for directed verdict.

## II. Habitual–Offender Status and Prosecutorial Vindictiveness

In his second and third points on appeal, Phavixay contends both that the State engaged in prosecutorial vindictiveness when it amended the information to include a habitual-offender charge and that the circuit court erred in giving the jury the habitual-offender instruction. Phavixay claims that he was essentially punished for exercising his right to appeal, resulting in a violation of his due-process rights.

■ As previously noted, Phavixay pled guilty to eight other felony drug charges during the pendency of the first appeal. After his first case was reversed and remanded, the State used these felony convictions to amend the information, alleging that Phavixay was subject to punishment as a habitual offender, pursuant to Arkansas Code Annotated section 5-4-501 (Repl. 2006).[2]

■ Phavixay contends that, had he not been serving the thirty-two-year sentence he received after the first trial, he "likely" would have never pled guilty to the eight felony convictions. While this may be true, Phavixay's second thoughts about his guilty pleas have no bearing on whether the circuit court properly instructed the jury regarding the habitual-offender enhancement.

■ Phavixay further contends that the circuit court erred when it allowed the prosecution to engage in prosecutorial vindictiveness when it pursued sentencing under the habitual-offender statute. He claims that the State amended the information to reflect his felony convictions for the purpose of punishing him for exercising his right to appeal. This court reviews a circuit court's decision regarding prosecutorial vindictiveness for clear error. *Gardner v. State*, 332 Ark. 33, 963 S.W.2d 590 (1998).

■ There are two methods whereby a criminal defendant may establish a claim for prosecutorial vindictiveness. First, the defendant may establish actual vindictiveness by "prov[ing] objectively that the prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do." *Gardner*, 332 Ark. at 44, 963 S.W.2d at 596 (quoting *United States v. Goodwin*, 457 U.S. 368, 384, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982)). This is

---

**2.** Phavixay contends that he had no notice that entering his guilty pleas could subject him to habitual-offender status. This argument is not preserved for our review because Phavixay did not raise the issue before the circuit court. We do not consider arguments, even constitutional ones, raised for the first time on appeal. *E.g., Hinkston v. State,* 340 Ark. 530, 10 S.W.3d 906 (2000).

an extremely difficult burden for the defendant to satisfy, given that it involves proving the prosecutor's state of mind. *Gardner, supra.* Next, a criminal defendant may contend that there is a presumption of vindictiveness when a prosecutor substitutes "a more serious charge for the original one, thus subjecting [the defendant] to a significantly increased potential period for incarceration" following the defendant's exercise of his or her right to appeal. *See Gardner,* 332 Ark. at 45, 963 S.W.2d at 596 (quoting *Blackledge v. Perry,* 417 U.S. 21, 28, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974)).

▆▆▆ We must first determine whether vindictiveness led to the filing of the amended felony information, which subjected Phavixay to the potential for an increased sentence. Phavixay has failed to establish that the State acted with "actual vindictiveness" when it amended the felony information to allege that he was subjected to punishment as a habitual offender. The State is entitled to amend an information at any time prior to the case being submitted to the jury so long as the amendment does not change the nature or the degree of the offense charged or create unfair surprise. *E.g., DeAsis v. State,* 360 Ark. 286, 200 S.W.3d 911 (2005). Phavixay does not claim unfair surprise; indeed, he was well aware of the habitual-offender charge prior to trial. Moreover, the fact that an amendment authorizes a more severe penalty does not change the nature or degree of the offense. *E.g., Kilgore v. State,* 313 Ark. 198, 852 S.W.2d 810 (1993). Phavixay presented no evidence to the circuit court that the prosecutor amended the information to punish Phavixay for exercising his right to appeal.

▆▆▆ Next, we must consider whether there is a presumption of vindictiveness. Here, Phavixay has established a prima facie due-process violation by showing that the State amended the information so as to expose him to a greater range of punishment following his successful appeal. *See Gardner, supra.* We must now determine whether the State sufficiently rebutted the presumption of vindictiveness. Our decision in *Townsend v. State,* 355 Ark. 248, 134 S.W.3d 545 (2003), is instructive. In that case, the State rebutted the appellant's presumption of vindictiveness by showing that the allegations contained in the amended information were not available prior to the appellant's first trial. Specifically, the appellant had not been convicted of aggravated robbery or rape prior to his first trial; those convictions stemmed from a separate, subsequent trial held on separate charges. Those convictions were available for enhancement purposes, however, at the time of the appellant's second trial. We concluded that the State had rebutted the presumption of vindictiveness because it was impossible to proceed on the enhanced-sentencing charge at the time of the first trial.

Likewise, in the instant case, the allegations supporting the habitual-offender amendment, the eight subsequent felonies to which Phavixay pled guilty, were not available prior to Phavixay's first trial. Because it was impossible to proceed on the enhanced-sentencing charge at Phavixay's first trial, we conclude that the State has rebutted the presumption of vindictiveness. The circuit court did not clearly err in finding that Phavixay failed to demonstrate prosecutorial vindictiveness.[3]

▆▆▆ We now consider Phavixay's contention that the circuit court erred in giv-

---

**3.** In making his argument regarding prosecutorial vindictiveness, Phavixay did not contend that the admission of his prior felony convictions at his retrial would prejudice the jury.

ing the jury the habitual-offender instruction. A defendant who is convicted of a felony and who has previously been convicted of four or more felonies may be sentenced to an extended term of punishment. *See* Ark.Code Ann. § 5–4–501(b). In this case, after Phavixay was found guilty of felony delivery of methamphetamine, the State presented evidence that Phavixay had been previously convicted of eight felonies. Thus, Phavixay was clearly eligible for an enhanced sentence. We hold that the circuit court did not err in instructing the jury of Phavixay's habitual-offender status.

### III. *Mistrial*

Phavixay's final point on appeal is that the circuit court abused its discretion when it denied his motion for mistrial. During cross-examination of Phavixay in the sentencing phase of the trial, the prosecutor questioned Phavixay about a November 14, 2005 search warrant and methamphetamine found in a Bible. Defense counsel objected, contending that it was improper for the prosecutor to discuss the specifics of a prior conviction. In addition, defense counsel moved for a mistrial, arguing that the prosecutor's question prejudiced Phavixay. The circuit court sustained the objection and instructed the State not to discuss any details of Phavixay's prior convictions, but denied the motion for mistrial. Phavixay did not request a cautionary instruction to the jury.

The decision to grant or deny a motion for mistrial is within the sound discretion of the trial court and will not be overturned absent a showing of abuse or manifest prejudice to the appellant. *Johnson v. State*, 366 Ark. 8, 233 S.W.3d 123 (2006). A mistrial is a drastic remedy and should only be declared when there is error so prejudicial that justice cannot be served by continuing the trial, and when it

cannot be cured by an instruction to the jury. *Tryon v. State*, 371 Ark. 25, 263 S.W.3d 475 (2007). Among the factors we consider on appeal is whether the defendant requested a cautionary instruction or admonition to the jury, and the failure of the defense to request an admonition may negate the mistrial motion. *Barnes v. State*, 346 Ark. 91, 55 S.W.3d 271 (2001).

Phavixay asserts that the granting of a mistrial was warranted due to the prosecutor's question regarding a search warrant and methamphetamine found in a Bible. He claims that this question was highly prejudicial and gave the impression that he was a long-time active drug dealer and "surreptitious in his actions in using a Bible." Phavixay states that the prosecutor's statement resulted, or could have resulted, in his receiving a greater sentence.

The State contends that Phavixay suffered no prejudice that would warrant a mistrial. We agree. Phavixay's eight felony convictions had already been introduced into evidence. In addition, Phavixay admitted during sentencing that he had sold and used drugs. In light of the evidence of the felony convictions and Phavixay's own admissions, the prosecutor's comment was not so prejudicial that a mistrial was warranted. Based upon this and based upon the fact that Phavixay failed to request a cautionary instruction to the jury, we hold that the circuit court did not abuse its discretion in denying Phavixay's motion for mistrial.

Affirmed.